### SAPIRO v. SISLEY et al.

(Supreme Court, Appellate Term. November 11, 1910.)

PRINCIPAL AND SURETY (§ 115*)—DISCHARGE OF SURETY—RELEASE OF SECURITIES.

Where a surety on a note was an officer in a corporation which was the maker of the note, and when he signed as surety he knew of the release of certain securities given by the corporation as collateral for the note, he cannot set up, when sued, that he was discharged by the release of the collateral securities.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 244–268; Dec. Dig. § 115.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by S. Stanley Sapiro against Edward J. Sisley and others. From a judgment for defendant Sisley, plaintiff appeals. Reversed and remanded.

Argued before SEABURY, PAGE, and BIJUR, JJ.

William Sapiro, for appellant.

Williamson & Smith, for respondent.

SEABURY, J. The plaintiff sues upon a promissory note for $475, dated September 9, 1909, payable to the order of the First National Bank of Bayonne. By its terms the note was to become due one month after date. The note was made by the Gurlitt-Manning Company, a corporation engaged in the building business, and was indorsed by Gurlitt, the president of the corporation, and by Sisley, the secretary and treasurer. After delivery to the bank for value received, the bank indorsed and delivered the note to one Carmgan, who is the plaintiff's assignor.

The only question presented upon this appeal relates to the defense of the defendant Sisley. The defendant Sisley contends that the note in suit was a renewal note, and that the original note was given to the bank, together with an assignment of money under a building contract which was to become due to the Gurlitt-Manning Company. It is claimed by Sisley that this collateral security was released by the bank without his knowledge or consent, and that he, being an accommodation indorser, was thereby released from liability. The collateral security originally delivered to the bank was returned by it long before the defendant Sisley became an indorser upon the note in suit. We think the credible evidence in the case shows very clearly that the defendant Sisley, who was an officer of the corporation, knew all the facts in reference to the release of the assignment before he made the contract of indorsement upon which the plaintiff now seeks to hold him.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.